IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JEREMY LOPEZ, individually and on behalf of all persons similarly situated,** | : : : : : : : : : : : : : | CIVIL ACTION NO.: CIV-16-148-M |
| Plaintiff, | | COMPLAINT—COLLECTIVE ACTION |
| v. | | JURY TRIAL DEMANDED |
| **T/J INSPECTION, INC.** | | |
| Defendant. | | |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Jeremy Lopez ("Plaintiff" or "Lopez"), through his undersigned counsel, individually and on behalf of all persons similarly situated, files this Collective Action Complaint against Defendant T/J Inspection, Inc. ("Defendant" or "T/J Inspection") seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

### JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to Plaintiff's and Class Members' claims occurred within this judicial district, and Defendant routinely conducts business in this judicial district.

1

3. Venue in this Court is also proper pursuant to 28 U.S.C. §§ 1391(b)(1) & (d) in that Defendant resides in this judicial district and is subject to personal jurisdiction in this judicial district.

**PARTIES**

4. Plaintiff Jeremy Lopez is an individual residing in Alvin, Texas. Plaintiff was employed by Defendant as an Inspector in El Reno, Oklahoma, Canadian County between approximately October and November 2013. Pursuant to 29 U.S.C. § 216(b), he has consented in writing to being a Plaintiff in this action. *See* Exhibit 1.

5. Defendant T/J Inspection, Inc. ("Defendant" or "T/J Inspection") is a servicing corporation providing pipeline inspections to oil and gas companies throughout the United States, including in this District.

6. Defendant is incorporated in Oklahoma and maintains its corporate headquarters in Edmond, Oklahoma.

7. Defendant employed Plaintiff and continues to employ similarly situated employees.

8. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

9. Defendant's annual gross volume of business exceeds $500,000.

10. Defendant is not an independently owned and controlled local enterprise within the meaning of 29 U.S.C. § 207(b)(3).

## FLSA COLLECTIVE DEFINITION

11. Plaintiff brings this lawsuit for Count I pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential opt-in litigants:

> All current or former employees of T/J Inspection, Inc. ("T/J Inspection") who performed work in the United States at any time between February 17, 2013 and the present, who were paid pursuant to a daily rate compensation system (the "FLSA Collective").

12. The FLSA Collective Plaintiff reserves the right to redefine the Class prior to notice or class certification, and thereafter, as necessary.

## FACTS

13. T/J Inspection employs members of the FLSA Collective throughout the United States.

14. T/J Inspection employs inspectors, such as Plaintiff, who perform a variety of inspection services on oil and gas pipelines for energy, public utility and pipeline companies in this judicial district and throughout the United States.

15. T/J Inspection's financial results are driven by the number of inspectors performing services for T/J Inspection's customers and the fees that T/J Inspection charges the customers for these services.

16. T/J Inspection charges its inspectors' services out to T/J Inspection's customers on a per project basis, including per diem charges for the inspectors, their mileage and other reimbursement items.

17. Between approximately October 2013 and November 2013, Plaintiff Lopez was employed as a pipeline inspector with T/J Inspection, performing and reviewing

inspections on gas pipelines.

18. T/J Inspection employed Plaintiff to inspect a pipeline in and around El Reno, Oklahoma.

19. Plaintiff reviewed and aided colleagues in performing routine inspections of newly-laid pipes. Plaintiff observed other members of the FLSA Collective performing the same or substantially similar job duties.

20. Plaintiff and the FLSA Collective members are all blue collar workers who are primarily engaged in manual labor duties.

21. Plaintiff's work required the utilization of techniques and procedures obtained primarily from industry manuals, standards and codes. *See* 29 C.F.R. § 541.203(g). Plaintiff observed other members of the FLSA Collective utilizing similar techniques and procedures in the performance of their jobs.

22. Plaintiff worked within the closely prescribed limits provided by T/J Inspection. *See* 29 C.F.R. § 541.203(g). Plaintiff observed other members of the FLSA Collective working in the same or substantially similar manner.

23. T/J Inspection has a policy or practice of failing to compensate Plaintiff and the FLSA Collective for all overtime hours worked.

24. T/J Inspection paid Plaintiff and the FLSA Collective pursuant to a daily rate compensation system that did not take into account all hours worked in a workweek or overtime hours.

25. Specifically, T/J Inspection paid Plaintiff and the FLSA Collective a specific set amount per each day that they worked.

26. T/J Inspection does not maintain accurate records of all hours that Plaintiff and the FLSA Collective worked each workday and the total number of hours worked each workweek as required by the FLSA. *See* 29 C.F.R. § 516.2(a)(7).

27. Plaintiff routinely worked six days per week and up to seven days per week and typically more than ten (10) hours per day. Plaintiff observed that the members of the FLSA Collective routinely worked similar schedules.

28. T/J Inspection did not pay Plaintiff and the FLSA Collective any overtime compensation for hours worked over forty (40) per workweek.

29. In 2011, prior to the start of the relevant time period in this case, the United States Court of Appeals for the Tenth Circuit held that a similar compensation scheme by an oilfield services company was not only unlawful, but constituted a willful violation of the FLSA. *See Mumby v. Pure Energy Servs. (USA), Inc.*, 636 F.3d 1266, 1268 (10th Cir. 2011). Since *Mumby*, many oil and gas service companies have reclassified their daily rate workers to come into compliance with the FLSA. T/J Inspection, however, has not done so.

30. As company servicing the oil and gas industry throughout the United States, there is no question that T/J Inspection has access to human resource expertise and legal counsel who can advise T/J Inspection on its FLSA compliance obligations.

31. T/J Inspection has acted willfully and/or with reckless disregard of the applicable FLSA provisions, by failing to properly compensate Plaintiff and the FLSA Collective for hours worked in excess of forty (40) during the workweek.

32. Moreover, during the entire relevant time period, T/J Inspection was aware

that the FLSA Collective members were not properly compensated under the FLSA, because the FLSA Collective members' timesheets clearly demonstrate that they were routinely working more than forty (40) hours per week (based on the number of days they were working) but were not receiving overtime compensation.

33.     Furthermore, T/J Inspection failed to properly track, monitor or record the actual number of hours per day that the FLSA Collective members worked, as required by the FLSA. *See* 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

## **COLLECTIVE ACTION ALLEGATIONS**

34.     Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

35.     Plaintiff desires to pursue his FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

36.     Plaintiff and the FLSA Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to T/J Inspection's previously described common pay practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek.  Resolution of this action requires inquiry into common facts, including, *inter alia*, T/J Inspection's common compensation, timekeeping and payroll practices.

37.     Specifically, T/J Inspection paid Plaintiff and the FLSA Collective a set

amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required by federal law.

38. Further, T/J Inspection misclassified Plaintiff and the FLSA Collective as exempt and failed to pay overtime as required by federal law.

39. The similarly situated employees are known to T/J Inspection, are readily identifiable, and may be located through T/J Inspection's records, as well as the records of any payroll companies that T/J Inspection utilizes.  T/J Inspection employs many FLSA Collective Members throughout the United States.  These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## COUNT I
## Violation of the FLSA
## (On Behalf of the FLSA Collective)

40. All previous paragraphs are incorporated as though fully set forth herein.

41. The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

42. The FLSA provides that, if an employee is paid a flat sum for a day's work or for doing a particular job, and if he receives no other form of compensation for services, the employee is entitled to extra half-time pay at his regular rate for all hours worked in excess of forty (40) in the workweek.  *See* 29 C.F.R. § 778.112.

43. T/J Inspection's compensation scheme applicable to Plaintiff and the FLSA Collective failed to comply with either 29 U.S.C. § 207(a)(1) or 29 C.F.R. § 778.112.

44. Plaintiff and the FLSA Collective are not exempt from the requirements of the FLSA.

45. T/J Inspection knowingly failed to compensate Plaintiff and the FLSA Collective at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

46. During all relevant times, Plaintiff and the FLSA Collective were covered employees entitled to the above-described FLSA protections.

47. In violating the FLSA, T/J Inspection acted willfully and/or with reckless disregard of clearly applicable FLSA provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective, seeks the following relief:

    A. An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Collective members;

    C. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

    E. Liquidated damages to the fullest extent permitted under the law;

    F. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G. Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

Dated:  February 17, 2016

Respectfully submitted,

TAYLOR, LUCAS, LOCKE & CORBIN

/s/ Kevin S. Locke
Kevin S. Locke
Bar Number: OBA #14769
Attorney for Plaintiff
TAYLOR, LUCAS, LOCKE & CORBIN
1132 N. Broadway Dr.
Oklahoma City, OK 73103
Telephone: (405) 232-8585
Facsimile: (405) 232-8588
Kevin.locke@taylorlucas.com

Shanon J. Carson
Bar Number: PA 85957 *
Sarah R. Schalman-Bergen
Bar Number: PA 206211 *
Alexandra K. Piazza
Bar Number: PA 315240 *
Camille Fundora
Bar Number: PA 312533 *
Attorneys for Plaintiff
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:   (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net
cfundora@bm.net

*Application for Admission to be Filed*